UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SIDNEY WYCKOFF,

            Plaintiff,

    v.

RYAN COUZENS, et al.,

            Defendants.

No.  2:15-cv-1158-TLN-KJN PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

       Plaintiff Sidney Wyckoff, who proceeds in this action without counsel, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)[1]  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

       For the reasons discussed below, the court concludes that plaintiff's complaint fails to state a claim on which relief may be granted, and that further leave to amend would be futile.  As such, the court recommends that the action be dismissed with prejudice and that plaintiff's application to proceed *in forma pauperis* be denied as moot.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).  Nevertheless, leave to amend need not be granted when further amendment would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Plaintiff's complaint alleges that, on or about October 17, 2009, plaintiff was "convicted by a jury of one count of ADW (Assault with a Deadly Weapon) in violation of California Penal Code 245(a)(1) and blamed for causing a vehicle collision although his vehicle was not involved in the collision."  (See Complaint, ECF No. 1 ["Compl."] ¶¶ 12, 14.)  According to plaintiff, an

individual named Bernadette Earnest "was injured in the collision for which the plaintiff was blamed and her Mercedes coup was destroyed."  (Id. ¶ 13.)  On the day of his conviction, plaintiff's attorney, Patricia Tilley, was "allowed by the court to retire" and after several further court appearances, defendant Daniel Hutchinson, who was employed by defendant Yolo County Public Defender's Office, was appointed as plaintiff's public defender.  (Id. ¶¶ 14-15, 18, 45.)  Plaintiff claims that Hutchinson negotiated with prosecutor and defendant Ryan Couzens, who was employed by defendant Yolo County District Attorney's Office, "to produce a sentencing agreement that provided, inter alia, five years of probation in lieu of a prison sentence for the ADW on the condition that Plaintiff waived his rights to appeal."  (Id. ¶ 19.)  The sentencing agreement also allegedly "contained a 'deal sweetener' in the form of an admission that plaintiff committed the crime of 'leaving the scene of an accident,' a second felony," which plaintiff claims did not happen.  (Id. ¶¶ 20, 48.)  Plaintiff asserts that he thought that the sentencing agreement was comprehensive, but that it in fact "did not include the charge of reckless driving" for which the assigned judge, defendant Arvid Johnson, a judge with defendant Yolo County Superior Court, "rendered a conviction and added a surprise sentence of one year in County Jail." (Id. ¶¶ 21, 28iv, 51, 53c.)

In addition to the above, plaintiff alleges various violations and irregularities related to his criminal case.  Plaintiff alleges incompetent and ineffective representation by Hutchinson, who, despite plaintiff's instructions, allegedly did not request a trial transcript to familiarize himself with the case.  (Compl. ¶¶ 22-23, 26, 28iii, 30, 46-48.)  Plaintiff posits that the transcript was not obtained due to "cost to the Court, District Attorney, and Public Defender, as the case may be" (particularly in light of the alleged "financial crisis" and "mismanagement of funds" within the California courts system) and "to avoid the review and potential discovery of reversible errors that a review would expose, including that the time for a timely trial for the charge for which the plaintiff was convicted had expired before the trial had begun."  (Id. ¶¶ 24-25, 28vi, 30, 43-44, 53b.)[2]

---

[2] Plaintiff himself states that the state appellate court denied a writ application based on the timeliness of the trial, but plaintiff posits that the denial was "probably because [the writ

1    Plaintiff further alleges that he discovered that Bernadette Earnest's husband had been

2    charged with the commission of felonies.  (Compl. ¶¶ 16-17.)  According to plaintiff, Couzens, as

3    the prosecutor, and Judge Johnson violated their duty to disclose exculpatory information

4    regarding the husband of a chief witness against plaintiff, which precluded plaintiff's cross-

5    examination of Ms. Earnest regarding that subject matter and precluded plaintiff from potentially

6    calling her husband as a witness in the trial.  (Id. ¶¶ 28ii, 28viii, 30-39, 53a.)  Additionally,

7    plaintiff suggests that the alleged charges against Ms. Earnest's husband gave Couzens leverage

8    over Ms. Earnest's testimony, which should have been disclosed.  (Id. ¶¶ 28i, 33.)

9    Finally, plaintiff alleges that all the defendants (including Hutchinson, Couzens, and

10   Judge Johnson) colluded in a conspiracy or "shell-game" to coerce plaintiff into a settlement and

11   avoid an appeal.  (Compl. ¶¶ 28v, 28vii, 43, 46, 49, 51, 53.)

12   Liberally construed, plaintiff's complaint purports to assert claims under 42 U.S.C. § 1983

13   for violation of plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the

14   United States Constitution against defendants Couzens, the Yolo County District Attorney's

15   Office, Judge Johnson, the Yolo County Superior Court, Hutchinson, the Yolo County Public

16   Defender's Office, Kamala Harris (as Attorney General for the State of California), and the State

17   of California.  Plaintiff seeks actual damages in the amount of $253,000.00; special damages in

18   the amount of $280,800.00; exemplary/punitive damages in an amount not less than

19   $2,000,000.00; an order setting aside plaintiff's state court criminal convictions and voiding the

20   sentencing agreement; and an award of fees, costs, and expenses.  (Compl. at 19-20.)

21   As an initial matter, the court notes that it has serious concerns regarding the potential

22   frivolousness of at least some of plaintiff's allegations.  Nevertheless, the court need not resolve

23   such concerns to adjudicate plaintiff's claims here.

24   Plaintiff cannot state a viable claim under 42 U.S.C. § 1983 against Hutchinson, because

25   Hutchinson was acting as plaintiff's defense attorney in his state court criminal proceedings, and

26   thus was not a state actor for purposes of section 1983 liability.  See Polk County v. Dodson, 454

27

28   application] did not include a transcript of the trial."  (Compl. ¶ 46.)

1   U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a

2   lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

3          Furthermore, with respect to plaintiff's monetary damages claims, Couzens and Judge

4   Johnson are absolutely immune.   The United States Supreme Court has held that "in initiating a

5   prosecution and in presenting the State's case, the prosecutor is immune from civil suit for

6   damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976).  Such absolute immunity

7   applies "even if it leaves the genuinely wronged defendant without civil redress against a

8   prosecutor whose malicious and dishonest action deprives him of liberty." Ashelman v. Pope,

9   793 F.2d 1072, 1075 (9th Cir. 1986).  Similarly, "[j]udges are immune from damage actions for

10  judicial acts taken within the jurisdiction of their courts...Judicial immunity applies however

11  erroneous the act may have been, and however injurious in its consequences it may have proved

12  to the plaintiff." Id.  Here, all the actions allegedly attributable to Couzens and Judge Johnson

13  were plainly taken in their capacities as a prosecutor and judge in a criminal case to which they

14  were assigned.  Additionally, plaintiff's allegations of collusion or a conspiracy do not overcome

15  their immunities.  First, plaintiff's allegations of collusion are entirely conclusory, speculative,

16  unsubstantiated, and frivolous.  Second, the Ninth Circuit has made clear that "a conspiracy

17  between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly

18  improper, nevertheless does not pierce the immunity extended to judges and prosecutors." Id. at

19  1078.

20         Plaintiff's claims for non-monetary relief (orders setting aside plaintiff's state court

21  criminal convictions and voiding the sentencing agreement) are likewise not viable, because they

22  amount to a forbidden de facto appeal of a state court decision.  Skinner v. Switzer, 562 U.S. 521,

23  531 (2011) (explaining that the Rooker-Feldman doctrine forbids a losing party in state court

24  from filing suit in federal district court complaining of an injury caused by a state court judgment,

25  and seeking federal court review and rejection of that judgment).  Here, plaintiff alleges

26  numerous errors made by the state court, and plaintiff specifically seeks to have this court set

27  aside his convictions.  As such, plaintiff's claims for non-monetary relief in this civil action are

28  barred as a forbidden de facto appeal.  Any relief from plaintiff's criminal convictions must

5

1    instead be sought in a direct appeal to the state appellate court[3] or potentially through habeas

2    corpus proceedings, assuming that the appropriate requirements are satisfied.

3         Plaintiff's claims against the Yolo County Public Defender's Office, Yolo County District

4    Attorney's Office, and the Yolo County Superior Court (the respective employers of Hutchinson,

5    Couzens, and Judge Johnson) should also be dismissed.  The doctrine of respondeat superior does

6    not apply in section 1983 civil rights cases, and plaintiff's complaint fails to plausibly allege that

7    Hutchinson, Couzens, or Judge Johnson acted pursuant to any specific municipal policy or

8    custom.  See Ashelman, 793 F.2d at 1075 n.1.

9         Finally, plaintiff's claims against Kamala Harris (as Attorney General for the State of

10   California) and the State of California are subject to dismissal, because plaintiff does not

11   plausibly allege that either of these defendants had any actionable involvement with plaintiff's

12   criminal case.

13        Ordinarily, the court liberally grants a pro se plaintiff leave to amend.  However, because

14   the record here shows that plaintiff would be unable to cure the above-mentioned deficiencies

15   through further amendment of the complaint, the court concludes that granting leave to amend

16   would be futile.

17        Accordingly, IT IS HEREBY RECOMMENDED that:

18        1.   The action be dismissed with prejudice.

19        2.   Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied as moot.

20        3.   The Clerk of Court be directed to close this case.

21        In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading,

22   discovery, and motion practice in this action are stayed pending resolution of these findings and

23   recommendations.  Other than objections to the findings and recommendations or non-frivolous

24   motions for emergency relief, the court will not entertain or respond to any pleadings or motions

25   until the findings and recommendations are resolved.

26   _____

27   [3] Although plaintiff states that he waived his appellate rights as part of the sentencing agreement,
     he was free to attempt to argue in an appeal to the state appellate court, as he does in this case,
     that any such waiver was not effective or binding, a matter on which this court expresses no
28   opinion.

6

1    These findings and recommendations are submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

3    days after being served with these findings and recommendations, any party may file written

4    objections with the court and serve a copy on all parties.  Such a document should be captioned

5    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6    shall be served on all parties and filed with the court within fourteen (14) days after service of the

7    objections.  The parties are advised that failure to file objections within the specified time may

8    waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

9    Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

10    IT IS SO ORDERED AND RECOMMENDED.

11    Dated:  August 10, 2015

12

13    KENDALL J. NEWMAN
      UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7